UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF NEW YORK

_____

| | |
|---|---|
| RONALD BRACE, | ) |
| Plaintiff, | ) |
| | ) **COMPLAINT** |
| -against- | ) **JURY TRIAL DEMANDED** |
| | ) **CIVIL ACTION No. :** |
| CLASSIC ENVIRONMENTAL, INC., | ) 1:20-CV-1510 (FJS/ATB) |
| And SCOTT WEVER, and GREGORY STREETER | ) |
| INDIVIDUALLY, | ) |
| And as Employees of CLASSIC ENVIRONMENTAL, INC., | ) |
| Defendants. _____ | ) |

Plaintiff, RONALD BRACE, by and through his attorney, Ryanne Konan, hereby affirms to the best of his knowledge, under the pains and penalties of perjury, as and for his Complaint in this action against the Defendants CLASSIC ENVIRONMENTAL, INC., and SCOTT WEVER and GREGORY STREETER as follows:

### NATURE OF CLAIMS

1. Plaintiff in the above captioned matter was a victim of Racial Discrimination, Retaliation and hostile environment when his prior employer, Classic Environmental Inc., (CEI hereinafter) through Gregory Streeter (Director of Operations and Human Resources) and Scott Wever (Site Supervisor), terminated Plaintiff's employment on January 11, in order to replace Plaintiff with Caucasian employees.

1

2. Accordingly, this action is brought to remedy a violation of Plaintiff's rights actionable under 42 U.S.C. §§ 1981, Executive Law §§ 292(1)(5), and New York State Human Right Law.

## JURISDICTION AND VENUE

3. This action arises from the discriminatory termination actionable under 42 U.S.C. § § 1981,

4. This Court has jurisdiction over this matter pursuant to 28 USC §§§ 1331, 1343(a)(3) and (4), and 1367(a).

5. Venue is proper in this district pursuant to 28 U.S.C § 1391(b)(2) because a substantial part of the events or omissions giving rise to this action occurred in this district.

## PARTIES

6. Ronald Brace is a citizen of United States, and an African American.

7. Defendant, CEI is a New York construction-based services company. CEI is headquartered at 112 Wade Road , Latham, New York.

8. Defendant Scott Wever was a supervisor at CEI at the time of the incident and upon information and belief, a citizen of New York, a Caucasian male. Defendant Scott Wever, had and still has an office at 112 Wade Road, Latham, New York.

9. Defendant Gregory Streeter was the Director of Operations and Human Resources Classic Environmental, Inc., at the time of the incident and upon information and belief, a citizen of New

York, and a Caucasian male. Defendant Gregory Streeter, had and still has an office at 112 Wade Road ,Latham, NY 12110.

## **FACTUAL ALLEGATIONS**

10. Plaintiff is an African American employed by Defendants as an asbestos abatement laborer from 2004 to 2007; and from 2008 to 2011. Plaintiff was re-hired on or about May 2018 as an asbestos abatement laborer. Plaintiff is highly qualified, holds an asbestos abatement laborer license, would many times fulfil the position of supervisor, when a supervisor was not available at the work site.

11. On or about June 2018, Plaintiff requested the required personal protective equipment to complete a job a mastic removal job for Fuccillo Brothers in Colonie , New York because Plaintiff was experiencing migraine headaches and irritations to his asthma.

12. On or about July 2018, Plaintiff was doing demolition job on the old Sitar Indian Restaurant in Colonie New York. Plaintiff complained that the supervisor refused to provide drinking water when the temperature was over 90 degrees.

13. On or about September 2018, Plaintiff was involved in an altercation with supervisor Scott Wever (The supervisor hereinafter), because the supervisor was verbally abusing co-worker Michael Baxter. As the supervisor was leaving the job site, the supervisor stated "This is why I don't like working with you black motherfkers."

14. The supervisor, upon information and belief, called our client the "N" word before Gregory Streeter, the Director of Operations and Human Resources Classic Environmental, Inc.(The Director hereinafter).

15. On or about January 11 2019, Defendants, through its human resources department employee, removed Plaintiff from a job site located at 701 River Street, Troy, New York for sending a text message to CEI for a loan. Employees use their cell phone on site. Plaintiff was replaced for his assignment by three Caucasian workers to wit, John Green, Monte Esposito and John Sweeney. The Caucasian workers did not have an asbestos abatement license, and did not have as much experience as Plaintiff did. A Caucasian worker was caught smoking marijuana on the work site. He was never fired but re-assigned. The supervisor, Scott Wever, was arrested on the job site of Watervliet Arsenal for possession of drug paraphernalia, but was never terminated. A Caucasian supervisor was falsifying payroll records in order to receive pay for work performed. The Director adjusted the payroll but never terminated or suspended the supervisor. CEI treats African American unfairly by suspending or terminating their position while the Caucasian workers are not reprimanded at all. Defendants Scott Wever and Gregory Streeter have authority to hire and fire employees.

16. Since Plaintiff was removed from the work site on January 2019, there have been several positions, and assignments available such as the "U-Haul" assignment on February 20, 2019. Defendants used Caucasian workers, John Green, Monte Esposito and John Sweeney, to replace Plaintiff.

17. On or about February 11, 2019, Plaintiff filed a claim with the U.S. Equal Employment Opportunity Commission ( EEOC), alleging racial discrimination under federal and New York States Law.

18. On September 17, 2020, the EEOC issued a "Notice of Suit Rights."

## FOR THE FIRST CAUSE OF ACTION BASED UPON RACIAL DISCRIMINATION
42 U.S.C. § § 1981
(Against all Defendants)

19. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in paragraphs 1-18 of this Complaint with the same force and effect as if fully set forth herein.

20. By its acts and practices described above, managing agents of Defendant Employer in regard to terminating Plaintiff's employment, caused Plaintiff to suffer severe mental anguish and emotional distress, including tenseness, nervousness, severe anxiety and the loss of self-esteem, personal dignity and career fulfillment. Plaintiff has thus been inhibited from enjoying life and was forced to undergo emotional injury that he will experience for the rest of his life. Plaintiff continues to suffer loss of earnings, career fulfillment and personal dignity, as well as emotional distress. Defendants deprived Plaintiff of the rights, remedies, privileges, and immunities guaranteed to every citizen of the United States, in violation of 42 U.S.C. §§1981 , including, without limitation, rights guaranteed by the United States Constitution, by, *inter alia* : racial discrimination, thereby causing Plaintiff serious emotional harm, humiliation, loss of opportunity of employment, career, and education opportunity, loss of wage, and legal expenses.

21. That Plaintiff, in early January 2019, Defendants removed Plaintiff from a job site and never recalled Plaintiff, even though the position and assignments were available, and Plaintiff was highly qualified for the position. This termination was motivated by Plaintiff's race, and retaliation. Defendants created a hostile work environment.

22. That Plaintiff is African American, U.S. Citizen.

23. That Plaintiff is a member of the protected class.

24. That Plaintiff was hired by Defendant employer since 2004.

25. That Plaintiff had an unblemished record, and his performances met the employer's expectations. During his tenure with Defendant Employer, Plaintiff's work performance was satisfactory at all times and at no time prior to the termination, was Plaintiff warned that his employment was in danger of being terminated for poor work performance or for any other reason.

26. That after Plaintiff was taken off his last project, Caucasian males , named John Green, Monte Esposito and John Sweeney were successively assigned to assume Plaintiff's position.

27. That the three Caucasian males were not qualified and did not have as much experience as Plaintiff did.

28. That the Employer Defendant, such as Scott Wever used racial slurs at the place of employment.

29. That the Employer Defendants , Scott Wever and Gregory Streeter used constantly the "N" word, and stated that they were tired of working with "Blacks."

30. That Plaintiff's race was unique motivating factor in the decision of Defendant employer's management to terminate Plaintiff's employment on or about January 11, 2019.

31. That Plaintiff was a member of the class protected under the U.S. Constitution.

32. That Plaintiff's employment was terminated because he was Black.

33. That Plaintiff's employment was terminated because Defendants wanted to replace Plaintiff with Caucasian employees.

34. That Plaintiff's position was still available, and assignment were available.

35. That Plaintiff's position was and still available at the time Plaintiff's employment was terminated.

36. That Caucasian males were assigned to assume Plaintiff's position.

37. That the Defendants deprived Plaintiff of the constitutional rights secured by 42 U.S.C. §1981, and took numerous overt steps in furtherance of such deprivation by terminating Plaintiff's employment based upon the color of his skin.

38. Defendants acted with a knowing, willful, wanton, grossly reckless, unlawful, unreasonable, unconscionable, and flagrant disregard for Plaintiff's rights, privileges, welfare, and well-being, and are liable of egregious and gross misconduct towards Plaintiff.

39. As a direct and proximate result of Defendants' actions, Plaintiff has suffered severe damages including but not limited to loss earning and benefits, emotional distress, interest on unpaid earning and benefits, costs and legal fees.

40. As a direct and proximate result of the misconduct detailed above, Plaintiff sustained the damages alleged in this Complaint.

**FOR THE SECOND CAUSE OF ACTION BASED ON RACIAL DISCRIMINATION**
New York Executive Law
(Against All Defendants )

41. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in paragraphs 19-40 of this Complaint with the same force and effect as if fully set forth herein.

42. That including the years 2004 through 2018, Defendant employer employed more than four employees and constituted an employer within the meaning of Executive Law §§ 292(1) and (5).

43. That Plaintiff, in January 2019, was informed by Defendants that his position has been terminated, even though the position was available, and Plaintiff was highly qualified for the position. Upon information and belief, the termination was motivated by Plaintiff's race.

44. That Plaintiff is African American.

45. That Plaintiff was hired by Defendant employer since 2004, and Defendants were happy with Plaintiff's performances during the period of his employment.

46. That Plaintiff had an unblemished record, and his performances met the employer's expectations. During his tenure with Defendant Employer, Plaintiff's work performance was satisfactory at all times and at no time prior to the termination, was Plaintiff warned that his employment was in danger of being terminated for poor work performance or for any other reason.

47. That upon information and belief, after the termination of Plaintiff's employment, Caucasian males were assigned to assume Plaintiff's position.

48. That Plaintiff's race was the motivating factor in the decision of Defendant employer's management to terminate Plaintiff's employment on or about January 11, 2019.

49. That Defendant employees stated that they were tired of working with blacks.

50. That Defendant employees use the "N" constantly towards its African American workers.

51. That by reason of the above, Defendant Employer is liable to unlawfully discrimination against Plaintiff because of his race, in violation of Executive Law §§ 296 and 297.

52. That employees Scott Wever and Gregory Streeter had and still have authority to hire and fire employees.

53. That Scott Wever and Gregory Streeter were Plaintiff's supervisor and Director.

54. That Defendant employees Scott Wever and Gregory Streeter removed Plaintiff off the work site because of his race.

55. That employees Scott Wever and Gregory Streeter informed terminated Plaintiff's employment.

56. That Scott Wever and Gregory Streeter aided and abetted their employer CEI to terminate Plaintiff's employment.

57. That Scott Wever and Gregory Streeter hired Caucasian males to fill Plaintiff's position.

58. That Defendants acted with a knowing, willful, wanton, grossly reckless, unlawful, unreasonable, unconscionable, and flagrant disregard for Plaintiff's rights, privileges, welfare, and well-being, and are liable of egregious and gross misconduct towards Plaintiff.

59. As a direct and proximate result of the misconduct detailed above, Plaintiff sustained the damages alleged in this Complaint.

### AS AND FOR A THIRD CAUSE OF ACTION BASED ON HOSTILE WORK ENVIRONMENT UNDER TITLE VII, 42 U.S.C 2000e and NYSHRL, NY EXECUTIVE LAW  290-301

60. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in paragraphs 41 through 59 of this Complaint with the same force and effect as if fully set forth herein.

61. That  Defendant hired Plaintiff as an asbestos abatement laborer since 2004  as a full-time employee.

62. That at all times hereinafter mentioned, and upon information and belief, Plaintiff's supervisor, Scott Wever, and Director Gregory Streeter, while at work made the following comments to Plaintiff : "I am tired of working with blacks motherfkers", or use the "N" word constantly, or failed to provide PPE or water to Plaintiff . Plaintiff was told stopped complaining by the Director while Plaintiff reported that he needed PPE, and asked for water on the work site.

63. That Plaintiff reported all of the above, all comments made, and behaviors of the supervisors to CEI's Human Resources Department (HR) . CEI did not take any action, and Plaintiff was removed from the project on January 11, 2019.

64. That the above described conduct of the supervisors was offensive to Plaintiff.

65. That the comments, conducts and behavior of the Supervisor and the Director, had the sole purpose to intimidate Plaintiff because Plaintiff was black, and was asking recommendations such as PPE, water on site, and was defending black employees.

66. That the comments, conducts and behavior of the supervisor and the Director were ridicule, and insults that caused Plaintiff to be uncomfortable and intimidated.

67. That CEI, through its employees, Scott Wever and Gregory Streeter, allowed the work environment to be subject of the offensive, degrading, humiliating comments, conducts and behavior of the supervisors.

68. That Defendant, CEI, and its Human Resources Department, were accomplice of the offensive comments, conducts and behavior of the Supervisor Scott Wever and the Director Gregory Streeter by allowing it to continue although made aware from June 2018 to January 2019.

69. That Defendant CEI by its omission, rendered the work environment hostile to Plaintiff.

70. By the reason of the foregoing Plaintiff has suffered severe damages including but not limited to loss earning and benefits, emotional distress, interest on unpaid earning and benefits, costs and legal fees.

71. That Plaintiff seeks all lawful remedies under the applicable statutes, including but not limited to back pay, front pay, compensatory damages, punitive damages, attorneys' fees, administrative costs, and all other relief that this Court deems just and proper.

72. By the reason of the foregoing, Plaintiff has been damaged in a monetary sum far exceeding the jurisdictional limitations of all the lower courts of the State of New York.

## AS AND FOR A FIFTH CAUSE OF ACTION BASED ON THE VIOLATION OF NEW YORK LABOR LAW SECTION 195

73. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in paragraphs 60 through 72 of this Complaint with the same force and effect as if fully set forth herein.

74. That at all times hereinafter mentioned, Plaintiff was a full-time employee.

75. That at all times hereinafter mentioned, Defendant CEI was the employer of Plaintiff.

76. That at all times hereinafter mentioned, an employer-employee relationship existed between Defendant and Plaintiff since the year 2004.

77. That Plaintiff learnt that he had been terminated on January 11, 2019.

78. That Defendant never sent a notice of termination to Plaintiff prior to the date of termination.

79. That Defendant did not take any precaution to inform Plaintiff of his termination within five days thereof.

80. That Defendant never provided to Plaintiff, a notice of termination within five days of the termination date.

81. That Defendant, at all relevant times, did not provide a notice of termination containing the exact date of Plaintiff's termination, and the exact date of cancellation of employee benefits.

82. That Defendant CEI, at all relevant times, breached New York Labor Law Section One Hundred Ninety-Five.

83. By the reason of the foregoing Plaintiff has suffered severe damages including but not limited to loss earning and benefits, emotional distress, interest on unpaid earning and benefits, costs and legal fees.

84. That Plaintiff seeks all lawful remedies under the applicable statutes, including but not limited to back pay, front pay, compensatory damages, punitive damages, attorneys' fees, administrative costs, and all other relief that this Court deems just and proper.

85. By the reason of the foregoing, Plaintiff has been damaged in a monetary sum far exceeding the jurisdictional limitations of all the lower courts of the State of New York.

## AS AND FOR A THIRD CAUSE OF ACTION BASED RETALIATION UNDER TITLE VII AND NEW YORK LAW

86. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in paragraphs 73 through 85 of this Complaint with the same force and effect as if fully set forth herein.

87. That upon information and belief, Defendant hired Plaintiff as an asbestos abatement laborer since 2004 as a full-time employee.

88. That at all times hereinafter mentioned, and upon information and belief, Plaintiff's supervisor, while at work made the following comments to Plaintiff : " I am tired of working with you black motherfckers ," " constantly use the "N" word.

89. That in June 2018, June 2018, Plaintiff requested the required personal protective equipment to complete a job a mastic removal job for Fuccillo Brothers in Colonie , New York because Plaintiff was experiencing migraine headaches and irritations to his asthma. Director Gregory Streeter replied that Plaintiff should be working instead of complaining too much.

90. On or about July 2018, Plaintiff was doing demolition job on the old Sitar Indian Restaurant in Colonie New York. Plaintiff complained to the Director Gregory Streeter, that the supervisor on site that day, refused to provide drinking water when the temperature was over 90 degrees.

91. On or about September 2018, Plaintiff was involved in an altercation with supervisor Scott Wever , because the supervisor was verbally abusing co-worker Michael Baxter. As the supervisor was

leaving the job site, the supervisor stated "This is why I don't like working with you black motherfkers."

92. The Supervisor, Scoot Wever upon information and belief, called our client the "N" word before Director Gregory Streeter.

93. That Plaintiff reported all of the above, all comments made, and behaviors of the Supervisor and the Director to the Human Resources Department. CEI did not take any action, and instead , CEI decided to terminate Plaintiff.

94. That Plaintiff reported the offensive degrading, humiliating comments, conducts and behavior to Defendant CEI through its HR Department.

95. That CEI, through HR Department, did not take any action to stop the offensive conducts of the supervisor and Director thereby allowing the offensive and degrading and humiliating conducts to continue.

96. That Plaintiff was terminated as a result of his complaint against the Supervisor and the Director.

97. That Plaintiff was terminated because he reported the conduct of the Supervisor and the Director.

98. By the reason of the foregoing Plaintiff has suffered severe damages including but not limited to loss earning and benefits, emotional distress, interest on unpaid earning and benefits, costs and legal fees.

99. That Plaintiff seeks all lawful remedies under the applicable statutes, including but not limited to back pay, front pay, compensatory damages, punitive damages, attorneys' fees, administrative costs, and all other relief that this Court deems just and proper.

100. By the reason of the foregoing, Plaintiff has been damaged in a monetary sum far exceeding the jurisdictional limitations of all the lower courts of the State of New York.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendants as follows :

a) Awarding compensatory damages for all physical and emotional distress, anxiety, humiliation, injury to reputation, emotional harm, pain and suffering, loss of wages, loss of career, family and social disruption and other grievous harm, fringe benefits in an amount to be determined at trial;

b) Awarding compensatory monetary damages for all economic loss in an amount to be determined at trial;

c) Awarding punitive damages in an amount to be determined at trial;

d) An order granting Plaintiff reinstatement to his former position at Defendant Employer;

e) Granting pre-and post-judgment interest, costs, attorneys' fees, and such other and further relief as this Court deems necessary and proper.

## JURY TRIAL DEMAND

A jury trial is hereby demanded on all issues.

Dated:  At Wappingers Falls, New York
       November 23 , 2020

                   By:  <u>ryannekonan</u>

                     Ryanne Konan, Esq.
                     4 Marshall Road, Suite 107
                     Wappingers Falls, NY 12590
                     Tel: (845) 309-3432
                     Fax: (845) 231-0508